**Richard F. Connors, Jr., Esq.**
**Marc C. Pakrul, Esq.**
**TOMPKINS, McGUIRE, WACHENFELD & BARRY**
**Four Gateway Center**
**100 Mulberry Street**
**Newark, New Jersey  07102**
**(973) 622-3000**
**Attorneys for Defendants,**
**Lucien Guillemette, Robert Transport and Groupe Robert, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS NORIEGA AND NUBY NORIEGA,<br><br>Plaintiffs,<br><br>v.<br><br>LUCIEN GUILLEMETTE, ROBERT TRANSPORT AND GROUPE ROBERT, INC.,<br><br>Defendants. | Civil Action No.  06-6078 (FSH)<br><br>**ANSWER, SEPARATE DEFENSES, CROSSCLAIMS, COUNTERCLAIMS, DENIAL OF CROSSCLAIMS, NOTICE OF ALLOCATION, DEMAND FOR JURY TRIAL, DEMAND FOR SPECIFICATION OF MONEY DAMAGES OF DEFENDANTS LUCIEN GUILLEMETTE, ROBERT TRANSPORT AND GROUPE ROBERT, INC.** |

Defendants Lucien Guillemette, Robert Transport and Groupe Robert, Inc. ("defendants") by way of Answer to plaintiffs' Complaint and Demand for Jury Trial ("Complaint"), respond and answer as follows:

## FIRST COUNT

1.      These defendants neither admit nor deny the allegations of paragraph 1 of the First Count of the Complaint, as defendants, after reasonable investigation, lack sufficient knowledge to admit or deny said allegations and leave plaintiffs to their proofs.

2.      These defendants admit the factual allegations contained in paragraph 2 of the First Count of the Complaint.

3.      To the extent that said allegations contained within paragraph 3 of the First Count of the Complaint can be construed as being directed against these defendants, same are denied.

4.      To the extent that said allegations contained within paragraph 4 of the First Count of the Complaint can be construed as being directed against these defendants, same are denied.

5.      To the extent that said allegations contained within paragraph 5 of the First Count of the Complaint can be construed as being directed against these defendants, same are denied.

WHEREFORE, defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., request that the First Count of the Complaint be dismissed with prejudice, together with an award of counsel fees and costs and such other and further relief as the Court may deem just.

## SECOND COUNT

1.Defendants incorporate by reference its responses to the allegations contained in paragraphs 1 through 5 of the First Count of the Complaint, inclusive, as if fully set forth herein at length.

2.To the extent that said allegations contained within paragraph 2 of the Second Count of the Complaint can be construed as being directed against these defendants, same are denied.

3.To the extent that said allegations contained within paragraph 3 of the Second Count of the Complaint can be construed as being directed against these defendants, same are denied.

WHEREFORE, defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., request that the Second Count of the Complaint be dismissed with prejudice, together with an award of counsel fees and costs and such other and further relief as the Court may deem just.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs' Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Defendants are guilty of no negligence, no actual fault and no failure to act.

### THIRD SEPARATE DEFENSE

The damages alleged in the Complaint are the result of intervening and/or superseding acts of negligence on the part of persons and/or entities over whom these defendants had no control nor right of control and for whose actions these defendants are not liable.

### FOURTH SEPARATE DEFENSE

While denying any negligence or improper conduct with regard to the subject matter of the Complaint, these defendants state that insofar as such negligence or improper conduct is found, their negligence was not the proximate cause of the damages alleged by the plaintiffs.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred or, at the very least, the damages to which they are entitled, should be reduced by virtue of the Doctrine of Comparative Negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-1.5 et seq.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the contributory negligence of plaintiff Luis Noriega.

**EIGHTH SEPARATE DEFENSE**

Plaintiffs' claims are barred or, at the very least, the damages to which they are entitled, should be reduced by virtue of the Doctrine of Avoidable Consequences.

**NINTH SEPARATE DEFENSE**

Defendants deny that they breached any duty due and owing to the plaintiffs.

**TENTH SEPARATE DEFENSE**

The acts or omissions complained of in the Complaint were caused by and/or are attributable to persons or entities over whom these defendants had no control nor right of control and for whose actions these defendants are not liable.

**ELEVENTH SEPARATE DEFENSE**

The damages to which plaintiffs allege they are entitled should be reduced by virtue of the Doctrine of Mitigation of Damages.

**TWELFTH SEPARATE DEFENSE**

Plaintiffs are estopped from asserting their claims for damages against these defendants.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiffs' conduct operates as a waiver of a right to recovery against these defendants.

**FOURTEENTH SEPARATE DEFENSE**

Any breach of duty on the part of these defendants was not a proximate cause of any damages sustained by the plaintiffs.

**FIFTEENTH SEPARATE DEFENSE**

Defendants deny that they deviated from any accepted standard.

**SIXTEENTH SEPARATE DEFENSE**

Plaintiffs' claims are barred by virtue of the Doctrine of Assumption of the Risk.

## SEVENTEENTH SEPARATE DEFENSE

The operator of defendants' vehicle was faced with an emergency situation and acted reasonably under the circumstances, and by reason thereof was not negligent with respect to the accident in question.

## EIGHTEENTH SEPARATE DEFENSE

Service upon these defendants was improper.

## NINETEENTH SEPARATE DEFENSE

Defendants reserve the right to assert additional defenses and/or supplement, alter, amend and change their Answer upon the revelation of more definite facts from the various parties to this suit and completion of further discovery and investigation.

## CROSSCLAIM FOR CONTRIBUTION
## AGAINST ALL OTHER DEFENDANTS

Defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., by way of Crossclaim for Contribution against all other defendants, allege and say:

1. Defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., by their attorneys, Tompkins, McGuire, Wachenfeld & Barry, crossclaim against all other defendants and state that those defendants are joint tortfeasors and, therefore, demand contribution from them under the terms and provisions of the New Jersey Tortfeasors Act, N.J.S.A. 2A:53-1, et seq., and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., for any judgment that may be entered in the cause on behalf of the plaintiffs.

**WHEREFORE**, defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., demand judgment against all other defendants pursuant to and in accordance with the New Jersey Tortfeasors Contribution Law, N.J.S.A. 2A:53A et seq.

## CROSSCLAIM FOR INDEMNIFICATION
## AGAINST ALL OTHER DEFENDANTS

Defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., by way of Crossclaim for Indemnification against all other defendants, allege and say:

1.　　While denying any and all liability on the part of defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., for the damages alleged in the plaintiffs' Complaint, if judgment is recovered by the plaintiffs against these defendants, it is hereby asserted that their negligence was merely constructive, technical, imputed or vicarious and that plaintiffs' damages arose through the direct and primary negligence or intentional acts of all other defendants. Defendants hereby demand indemnification from those defendants for all damages asserted by the plaintiffs.

**WHEREFORE**, defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., demand judgment against all other defendants for indemnification in full with respect to any damages which may be recovered against these defendants by the plaintiffs, together with the expense and cost of suit.

8

## COUNTERCLAIM AGAINST
## PLAINITFF LUIS NORIEGA

Defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., by way of Counterclaim against plaintiff Luis Noriega, allege and say:

1. Defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., have been named in this action for their alleged involvement in the happening of a motor vehicle which purportedly occurred on or about December 7, 2004, at or near the intersection of 8th Avenue and East 23rd Street, in Paterson, New Jersey.

2. Upon information and belief, plaintiff Luis Noriega was the owner and operator of the plaintiffs' vehicle which was allegedly involved in the aforenoted accident.

3. Plaintiff Nuby Noriega has alleged that she was a passenger in vehicle owned and operated by plaintiff Luis Noriega at the time of the underlying incident.

4. It is hereby alleged that plaintiff Luis Noriega was negligent, careless, and/or inattentive in the ownership, maintenance and/or operation of his automobile, which negligence, carelessness, and/or inattentiveness caused a collision between his automobile and the vehicle of these defendants.

5. Pursuant to the subject Complaint, plaintiffs Luis Noriega and Nuby Noriega have alleged that they sustained personal injuries and/or have been forced to incur other damages as a result of the underlying motor vehicle accident.

6. Plaintiffs Luis Noriega and Nuby Noriega's injuries and other damages, insofar as same were caused by any party, were directly, solely and proximately caused by the negligence of plaintiff Luis Noriega.

**WHEREFORE**, defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., demand judgment against plaintiff Luis Noriega, for damages together with interest, costs of suit and counsel fees.

## COUNTERCLAIM FOR CONTRIBUTION
## AGAINST PLAINITFF LUIS NORIEGA

Defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., by way of Counterclaim against plaintiff Luis Noriega, allege and say:

1. Defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., demand contribution from plaintiff Luis Noriega, under the terms and provisions of the New Jersey Tortfeasors Act, N.J.S.A. 2A:53-1, et seq., and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., for any judgment that may be entered in the cause on behalf of plaintiff, Nuby Noriega.

**WHEREFORE**, defendants Lucien Guillemette, Robert Transport and Groupe Robert, Inc. demand judgment against plaintiff Luis Noriega pursuant to and in accordance with the New Jersey Tortfeasors Act, N.J.S.A. 2A:53-1, et seq., and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

## COUNTERCLAIM FOR INDEMNIFICATION
## AGAINST PLAINITFF LUIS NORIEGA

Defendants, Lucien Guillemette, Robert Transport and Groupe Robert, Inc., by way of Counterclaim against plaintiff Luis Noriega, allege and say:

1.  While denying any and all liability on the part of defendants Lucien Guillemette, Robert Transport and Groupe Robert, Inc., if judgment is recovered by plaintiff Nuby Noriega against defendants Lucien Guillemette, Robert Transport and Groupe Robert, Inc., it is hereby asserted that their negligence was merely constructive, technical, imputed or vicarious and that plaintiff Nuby Noriega's damages arose through the direct, sole and primary negligence or intentional acts of plaintiff Luis Noriega.  Defendants Lucien Guillemette, Robert Transport and Groupe Robert, Inc., hereby demand indemnification from plaintiff Luis Noriega, for all damages asserted by plaintiff Nuby Noriega.

**WHEREFORE**, defendants Lucien Guillemette, Robert Transport and Groupe Robert, Inc., demand judgment against plaintiff Luis Noriega, for indemnification in full with respect to any damages which may be recovered against Defendants Lucien Guillemette, Robert Transport and Groupe Robert, Inc. by plaintiff Nuby Noriega, together with the expense and cost of suit.

## NOTICE OF ALLOCATION

This shall serve as notice that these defendants reserve their right to request an allocation in the event this matter is tried to verdict. These defendants will seek an allocation on the percentage of negligence by the fact finder against any settling co-defendants. We will seek this allocation, whether or not we have formally filed a crossclaim against the settling co-defendants. We will rely upon the examination and cross examination of plaintiff's expert witnesses and any and all other witnesses at the time of trial, in support of this allocation. You are being apprised of this pursuant to Young v. Latta, 123 N.J. 584 (1991).

## DENIAL OF ALL CROSSCLAIMS

Defendants hereby deny all crossclaims which have been and/or will be asserted against them.

## JURY DEMAND

Defendants hereby demand a trial by jury of the above action as to all issues.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Defendants hereby demand that you serve upon us within ten (10) days of the date of service upon you a written specification of the amount of money damages claimed pursuant to Local Civil Rule 8.1.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that to the best of his knowledge and information, the matter in controversy is not currently the subject of any other pending court action or arbitration proceeding.

**TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP**

*/s/ Richard F. Connors, Jr.*

_____
Richard F. Connors, Jr., Esquire
Marc C. Pakrul, Esquire
TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP
Four Gateway Center, 5th Floor
100 Mulberry Street
Newark, N.J. 07102
Tel:   (973) 622-3000
Fax:   (973) 623-7780
Email: rconnors@tompkinsmcguire.com
Email: mpakrul@tompkinsmcguire.com

DATED: April 11, 2007